**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHAQUIDA HAYWOOD,
        Appellant,

DOCKET NUMBER
PH-0752-25-1476-I-1

v.

DEPARTMENT OF DEFENSE,
        Agency.

DATE:  August 13, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaquida Haywood, Elkridge, Maryland, pro se.

Stephen Salerno, Esquire, and Misty Addison, Esquire,
    APO, Armed Forces Europe, the Middle East, and Canada,
    for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause shown.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, as set forth herein, we VACATE the initial decision and instead DISMISS the matter for lack of jurisdiction.

## BACKGROUND

The administrative judge issued an initial decision dismissing the appellant's Board appeal as untimely filed without good cause shown. Initial Appeal File (IAF), Tab 8, Initial Decision (ID) at 1, 5. In so doing, the administrative judge indicated that it was unclear what adverse action(s) the appellant sought to challenge before the Board. ID at 2-3. She explained that the appellant's filings had referenced agency actions on two dates, October 11, 2023, and March 3, 2025; however, the appellant had not filed her Board appeal until May 25, 2025, and did not respond to the administrative judge's order regarding timeliness or otherwise explain her filing delay. ID at 2-4.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 3, 5.[2] The appellant's assertions and filings on review clarify that, via letter dated October 13, 2023, the appellant

_____

[2] The appellant has filed an untimely reply, PFR File, Tabs 6-7, as well as a motion for the Board to accept her reply as timely filed, PFR File, Tab 8. Even assuming that the appellant showed good cause for her delay in submitting her reply and fully considering the submission, we find that a different outcome regarding jurisdiction is not warranted.

was placed on administrative leave from her position as a GS-12 Supervisory Nurse with "no change to [her] pay or other benefits." PFR File, Tab 3 at 4, 31-32. Thereafter, via letter dated May 9, 2025, the agency proposed her removal. *Id.* at 4, 24-30. The appellant has not discernably alleged that the agency has effected its proposed removal action.

## ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Here, we find that the appellant has not made nonfrivolous allegations of Board jurisdiction. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). Indeed, to the extent that she is alleging that she was suspended for more than 14 days beginning on October 13, 2023, her allegations are unavailing because her filings indicate that she was placed on paid administrative leave on this date. PFR File, Tab 3 at 4, 31-32; IAF, Tab 1 at 2. Notably, the relevant statute defines "suspension" as "the placing of an employee, for disciplinary reasons, in a temporary status <u>without duties and pay</u>." 5 U.S.C. §§ 7501(2), 7511(a)(2) (emphasis added). Thus, the Board lacks jurisdiction over the appellant's suspension-related claim. The Board also lacks jurisdiction over the agency's May 2025 proposed removal.[3] PFR File, Tab 3 at 4, 24-30; *see Weber v. Department of the Army*, 45 M.S.P.R. 406, 409

---

[3] The appellant's filings also reference, among other things, retaliation, discrimination, a violation of her due process rights, and prohibited personnel practices; however, these assertions do not warrant a different jurisdictional outcome. *E.g.*, PFR File, Tab 3 at 5; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (indicating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Additionally, although the appellant's filings reference whistleblower retaliation, *e.g.*, IAF, Tab 1 at 2; PFR File, Tab 3 at 5, the appellant indicated that she has not filed a complaint with the Office of Special Counsel (OSC), IAF, Tab 1 at 3; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011) (indicating that the Board has jurisdiction over individual right of action appeals only if, among other things, the appellant has exhausted her administrative remedies with OSC).

(1990) (The Board has no jurisdiction to review a notice of proposed removal; rather, the removal must have been effected before the Board has jurisdiction over an appeal of that action.). Because we find that the Board lacks jurisdiction over this matter, we do not reach the issue of the timeliness of the appeal. *See Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 10 n.2 (2012).

Accordingly, we vacate the initial decision and instead dismiss this matter for lack of jurisdiction. To the extent that the agency effects the proposed removal action, the appellant may file another appeal consistent with the Board's regulations.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board
Washington, D.C.